**Matthew A. Levin, WSBA #31011**
MattLevin@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax:  (503) 323-9105

Attorneys for Plaintiff CloudOne LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **CLOUDONE LLC**, a Washington limited liability company,<br><br>                              Plaintiff,<br><br>         vs.<br><br>**AUTO TRAKK, L.L.C.**, a Pennsylvania limited liability company, and **BAMA COMMERCIAL LEASING, LLC**, a Pennsylvania limited liability company,<br><br>                              Defendants. | CV No. 3:17-cv-05302<br><br>**COMPLAINT**<br>(Breach of Contract; Quantum Meruit; and Account Stated)<br><br>**JURY DEMAND** |

Plaintiff CloudOne LLC alleges as follows:

**PARTIES**

1.

Plaintiff CloudOne LLC ("CloudOne") is a Washington limited liability company with its principal place of business in Vancouver, Washington.

2.

Defendant Auto Trakk, L.L.C. ("Auto Trakk") is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania.  Auto Trakk conducts and has conducted business in the State of Washington.

COMPLAINT, No. 3:17-cv-05302

1

MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085

3.

Defendant BAMA Commercial Leasing, LLC ("BAMA") is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania. BAMA conducts and has conducted business in the State of Washington. Upon information and belief, BAMA is wholly owned and controlled by AutoTrakk.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.

Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district, including CloudOne's performance of services for which defendants failed to pay.

## FACTS

6.

CloudOne operates a fast-growing technology company focused on connecting consumers with retailers, which offers end-to-end marketing solutions primarily in the automotive sector.

7.

In or about March 2015, defendants engaged CloudOne to provide call center and ancillary services (the "Services") on their behalf.

8.

Defendants agreed that their relationship with CloudOne would be governed by the terms of a Master LiveAgent Services Agreement (the "Agreement"). In particular,

COMPLAINT, No. 3:17-cv-05302

2

**MARKOWITZ HERBOLD PC**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

defendants agreed to pay CloudOne certain fees for the provision of the Services, as set forth in the Agreement.

9.

Between approximately March 2015 and March 2017, CloudOne rendered the Services for the benefit of the defendants. During this period, CloudOne regularly provided defendants with invoices for the Services in accordance with the Agreement.

10.

Although defendants satisfied many of CloudOne's invoices, they failed to make payment on others.

11.

In particular, CloudOne tendered the following invoices to defendants for Services it rendered on defendants' behalf:

| Invoice Date | Amount |
| --- | --- |
| 1/30/2017 | $27,380.14 |
| 1/31/2017 | $8,115.70 |
| 2/6/2017 | $20,803.44 |
| 2/13/2017 | $25,127.43 |
| 2/20/2017 | $20,731.90 |
| 2/27/2017 | $18,926.55 |
| 3/6/2017 | $10,401.34 |
| 3/13/2017 | $7,817.34 |
| 3/20/2017 | $5,648.90 |
| 3/27/2017 | $474.56 |

COMPLAINT, No. 3:17-cv-05302

3

12.

The invoices listed in paragraph 11 reflect and total $145,427.30, which amount is now due and owing. Defendants received these invoices and have never objected to any of them. To date, however, defendants have not made any payment toward the amounts due.

**FIRST CLAIM OF RELIEF**

**(Breach of Contract)**

13.

CloudOne repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

14.

The Agreement constitutes a valid and binding contract pursuant to which defendants are obligated to pay CloudOne for the Services.

15.

CloudOne fully performed under the terms of the Agreement.

16.

Defendants materially breached the terms of the Agreement by failing to pay the invoices listed in paragraph 11.

17.

As a direct and proximate result of defendants' breach of the Agreement, CloudOne has been damaged in an amount to be determined at trial, but which is expected to exceed $145,427.30.

**SECOND CLAIM FOR RELIEF**

**(Quantum Meruit)**

18.

CloudOne repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

COMPLAINT, No. 3:17-cv-05302

4

**MARKOWITZ HERBOLD PC**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

19.

Between January 23, 2017 and March 26, 2017, CloudOne performed the Services for defendants in good faith and at defendants' request in the agreed upon sum and reasonable value of $145,427.30.

20.

Defendants accepted the Services provided by CloudOne and CloudOne expected to be paid for providing the Services.

21.

Despite demand, defendants have refused, and still refuse, to pay the sum alleged outstanding in paragraph 19 above.

22.

At no time have defendants disputed the existence or amount of its debt to CloudOne.

23.

By reason of the foregoing, defendants are liable to CloudOne, pursuant to the doctrine of quantum meruit, in an amount to be determined at trial, but that is expected to exceed $145,427.30.

### THIRD CLAIM FOR RELIEF

**(Account Stated)**

24.

CloudOne repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

COMPLAINT, No. 3:17-cv-05302

5

MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

25.

The transactions between CloudOne and defendants, including but not limited to defendants' payment of prior invoices, established a creditor-debtor relationship.

26.

Between January 30, 2017 and March 27, 2017, an account was stated between CloudOne and defendants for Services rendered by CloudOne on defendants' behalf in the total amount of $145,427.30.

27.

Defendants received and failed to object to the invoices listed in paragraph 11 within a reasonable time and thereby implicitly agreed they are liable for the amounts set forth in those invoices.

28.

By reason of the foregoing, defendants are liable to CloudOne, pursuant to the doctrine of account stated, in an amount to be determined at trial, but that is expected to exceed $145,427.30.

**PRAYER FOR RELIEF**

WHEREFORE, CloudOne prays for judgment against defendants in an amount to be determined at trial, but expected to exceed $145,427.30, together with prejudgment interest thereon at the statutory rate until paid, and for plaintiff's costs and disbursements incurred herein.

**JURY DEMAND**

CloudOne hereby demands a Jury Trial on all questions so triable.

COMPLAINT, No. 3:17-cv-05302

6

MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

**RESERVATION OF RIGHTS**

CloudOne reserves its right to amend or modify the allegations and claims herein on the basis of information received through discovery or otherwise.

DATED this 21st day of April, 2017.

                         MARKOWITZ HERBOLD PC

                         By:   *s/ Matthew A. Levin*
                                 Matthew A. Levin, WSBA #31011
                                 MattLevin@MarkowitzHerbold.com
                                 Of Attorneys for Plaintiff

CLOUBA\612325

COMPLAINT, No. 3:17-cv-05302     7

**MARKOWITZ HERBOLD PC**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085